UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS JAIME,

                            Plaintiff,          **24 Civ. 266 (DEH) (GS)**

                 -against-                        **ORDER**

NEW YORK STATE OFFICERS,
*et al.*,

                            Defendants.
------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      Plaintiff, who is incarcerated and proceeding *pro se*, has filed a letter requesting issuance of a subpoena to the New York State Department of Corrections and Community Supervision ("DOCCS") for his medical records so that he can comply with his discovery obligations in this case. (Dkt. No. 56). *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 45(a)(1)-(4). Rule 45(a)(3) provides that the Clerk of the Court "must issue a subpoena . . . to a party who requests it." Fed. R. Civ. P. 45(a)(3).

      However, "[f]ederal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges afforded under 28 U.S.C. § 1915 for the purpose of preventing abuse of the court's process and harassment of both parties and non-parties." *Marcus v. Howard*, No. 20 Civ. 316 (JLS), 2021 WL 1163586, at *3 (W.D.N.Y. Mar. 25, 2021) (collecting cases). "This power authorizes the Court to review indigent parties' subpoena duces tecum before service and to order the Marshals Service to reject service requests in certain

circumstances." *Id.* (quoting *Jackson v. Brinker*, 1992 WL 404537, at *5 (S.D. Ind. 1992)). "The decision of courts exercising inherent supervisory power over *in forma pauperis* subpoena generally discuss factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case (e.g., whether the requested information is merely cumulative of evidence already in hand or is available in a manner less oppressive to the subpoenaed party)." *Id.* (quoting *Jackson*, 1992 WL, at *6).

Here, there is no doubt that Plaintiff's medical records are relevant and material to the case, given that Plaintiff alleges personal injuries due to Defendants' acts. Nonetheless, Defendants have proposed an alternative method for obtaining Plaintiff's medical records from DOCCS: that Plaintiff execute HIPPA release authorization forms previously provided to Plaintiff. Upon Plaintiff's signing the HIPPA forms and returning them to Defendants, Defendants will be able to access Plaintiff's medical records directly from DOCCS. This method is preferable to Plaintiff's proposed subpoena for two reasons. First, it will likely enable Defendants to obtain the records more quickly. Second, Defendants are entitled to secure their own copy of Plaintiff's medical records directly from DOCCS, rather than indirectly via Plaintiff. *See Paige v. Lacoste*, No. 10 Civ. 3356 (SLT) (RER), 2011 WL 6000563, at *1 (E.D.N.Y. Aug. 24, 2011), *R&R adopted*, 2011 WL 6000392 (E.D.N.Y. Nov. 28, 2011), *vacated on reconsideration on other grounds*, 2012 WL 3027851 (E.D.N.Y. July 24, 2012).

Accordingly, Plaintiff's request for the issuance of a subpoena to DOCCS is

denied, and he is instead instructed to execute the HIPPA authorization forms and return them to Defendants so that Defendants may obtain the medical records directly from DOCCS. The Court notes that Defendants will be required to provide Plaintiff with a full and accurate copy of any records Defendants obtain from DOCCS.

**SO ORDERED.**

DATED:   New York, New York
November 10, 2025

*Gary Stein*
_____
The Honorable Gary Stein
United States Magistrate Judge