UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS JAIME,

                                    Plaintiff,                **24 Civ. 266 (DEH) (GS)**

                      -against-                               **ORDER**

NEW YORK STATE OFFICERS,
*et al.*,

                                    Defendants.
------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

Plaintiff, who is incarcerated and proceeding *pro se*, has filed two letter motions requesting assignment of counsel. (Dkt. Nos. 57, 60). Other than describing his unsuccessful efforts to obtain *pro bono* counsel on his own, Plaintiff's submissions, each of which is only one page, do not set forth reasons why his application should be granted or address the relevant legal standard for appointment of counsel. (*See id.*). For the reasons set forth below, Plaintiff's motion is denied without prejudice.

"Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel." *Cordaro v. Hegseth*, No. 22 Civ. 6027 (EAW) (MJP), 2025 WL 353906, at *2 (W.D.N.Y. Jan. 31, 2025) (quoting *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004)). Under the IFP statute, *see* 28 U.S.C. § 1915(e)(1), a court has no authority to appoint or assign counsel, but instead "may only 'request' that an attorney volunteer to represent a litigant." *Morrow v. Janis*, No. 23 Civ. 3224 (NSR) (AEK), 2025 WL 3124667, at *1 (S.D.N.Y.

Nov. 7, 2025) (citing *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989)).  Moreover, "courts do not have funds to pay counsel in civil matters," *Morrow*, 2025 WL 3124667, at \*1, and "there are far more requests for attorneys than the court can provide." *Cordaro*, 2025 WL 353906, at \*2.  As such, it is well established in this Circuit that courts should request the services of *pro bono* counsel "sparingly" to "preserve the 'precious commodity' of volunteer-lawyer time for those litigants whose causes are truly deserving." *Morrow*, 2025 WL 3124667, at \*1 (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989)).

To justify a request for *pro bono* counsel under § 1915(e)(1), the litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed IFP. *Travis v. Bank of Am., N.A.*, No. 22 Civ. 2025151 (JPO), 2023 WL 2025151, at \*1 (S.D.N.Y. Jan. 19, 2023); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (the district court "must first ascertain whether the litigant is able to afford or otherwise obtain counsel").  Here, Plaintiff filed a request to proceed IFP, which the Court granted on February 14, 2024.  (Dkt. No. 5).  Accordingly, the Court may review Plaintiff's request on the merits.

In considering such a request, the court must "first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  This is a "threshold requirement." *Id.*; *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold

2

showing of some likelihood of merit."); *Cooper*, 877 F.2d at 173 (stressing the importance of *Hodge*'s requirement that an indigent litigant seeking a free lawyer "first pass the test of likely merit").  Only if the claim meets this threshold requirement does the court then consider other factors such as "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  *Hodge*, 802 F.2d at 61–62.[1]

Courts in this Circuit have frequently found that the merits threshold requirement is not met at the outset of a case before the record has been developed beyond the filing of the plaintiff's complaint and the defendant's response.  *See, e.g.*, *Vasquez v. Yadali*, No. 16 Civ. 895 (PMH), 2020 WL 8723652, at *1 (S.D.N.Y. Aug. 5, 2020) (denying request to appoint counsel where defendants had "filed their answer and discovery ha[d] not yet begun"); *Langer v. Astro Auto. Inc.*, 2012 WL 3463686, at *3 (D. Conn. 2012) ("At this very early stage in this case, when defendant has just answered the Complaint, this Court is not in a position to determine whether plaintiff's Complaint possesses likely merit."); *White v. Mullen*, No. 22 Civ. 4970 (GRB) (ARL), 2023 WL 11868245, at *1 (E.D.N.Y. Jan. 25, 2023)

---

[1] The court should also consider "the indigent's efforts to obtain counsel."  *Id.* at 61.  Here, Plaintiff's motion establishes that he has reached out to at least one bar association and multiple practitioners, yet has been unable to obtain *pro bono* counsel.  (Dkt. No. 57).  The Court "commend[s]" this effort to obtain counsel and encourages Plaintiff to continue his efforts going forward.  *Cordaro*, 2025 WL 353906, at *2.

(declining to appoint *pro bono* counsel where the "Defendants' answer ha[d] just recently been filed"); *Young v. Leon*, 2015 WL 3476822, at *1 (D. Conn. June 2, 2015) ("On the present record, which is comprised principally of the complaint, answer, and Plaintiff's pending motions, the Court cannot gauge the merits of Plaintiff's claims.").

As in the cases cited above, Defendants have only filed their respective Answers to Plaintiff's Amended Complaint (Dkt. Nos. 36–42, 44), and discovery is still in its infancy. (Dkt. No. 53). Given the posture of the case, and having reviewed Plaintiff's Second Amended Complaint, (Dkt. No. 19), the Court cannot conclude at this point that Plaintiff's chances of succeeding on the merits justify the appointment of *pro bono* counsel. Nonetheless, even if "the Court construes Plaintiff's Complaint liberally and assumes it has 'some likelihood of merit' such that it satisfies the threshold requirement," *Herbert v. Sanfeliz*, No. 22 Civ. 4299 (KMK), 2025 WL 2939265, at *2 (S.D.N.Y. Oct. 16, 2025) (quoting *Hodge*, 802 F.2d at 60–61), appointment of counsel would not be warranted.

"Even if the Court were to find that Plaintiff's claims were likely to be of substance, Plaintiff has not met h[is] burden of demonstrating that []he cannot 'effectively prosecute [his] case.'" *Gill-Drayton*, 2024 WL 1216728, at *2 (quoting *Fusco v. Cuomo*, No. 21 Civ. 1908, 2021 WL 2650511, at *2 (S.D.N.Y. June 28, 2021)). To start, Plaintiff's claim arising under 42 U.S.C. § 1983 does "not appear so overwhelmingly complex that he cannot be afforded a just determination without legal representation." *Maldonado v. Candidus*, No. 97 Civ. 4794 (SHS) (RLE), 1998

WL 690817, at *1 (S.D.N.Y. Sept. 30, 1998) (denying request for counsel); *see also Boomer v. Deperio*, No. 03 Civ. 6348L (MWP), 2005 WL 15451, at *2 (W.D.N.Y. Jan. 3, 2005) (finding claim of "deliberate indifference to . . . serious medical needs" under § 1983 not "complex"); *Illescas v. Annucci*, No. 21 Civ. 8473 (NSR), 2023 WL 2992471, at *2 (S.D.N.Y. Mar. 14, 2023) (finding claim for medical indifference under § 1983 and state Constitution brought by incarcerated plaintiff not "particularly complex"); *Knight v. Doty*, No. 9:24-CV-0497 (FJS/TWD), 2025 WL 1898928 (N.D.N.Y. Apr. 10, 2025) (declining assignment of counsel where plaintiff's use-of-force claim did not "appear to present any overly complex issues"). "While Section 1983 claims can be complex, the factual circumstances surrounding Plaintiff's claim do not appear to be complicated." *Allen v. Sakellardis*, No. 02 Civ. 4373 (JSR) (DF), 2003 WL 22232902, at *2 (S.D.N.Y. Sept. 29, 2003).[2]

In addition, in "cases where a plaintiff has intimate knowledge of the facts and circumstances giving rise to her claims, the aid of counsel will generally not assist in further factfinding and investigation." *Gill-Drayton*, 2024 WL 1216728, at *2; *see also Goodson v. Sedlack*, No. 99 Civ. 10419 (KNF), 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining request to appoint counsel where the "plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate that additional facts could be

---

[2] Although "it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under Section 1983 by *pro se* litigants, 'this factor alone is not determinative of a motion for appointment of counsel.'" *Banks v. Annucci*, 48 F. Supp. 3d 394, 420 (N.D.N.Y. 2014) (quoting *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995)).

gathered only with the aid of counsel).  Moreover, Plaintiff does not affirmatively indicate that he is incapable of representing himself, and indeed effectively did so at the Court's prior conference.  (Minute Entry, Oct. 17, 2025).  Further, even if Plaintiff did now assert that he was unskilled to represent himself, this "general assertion," without more, would not be "sufficient, in itself, to justify a request for counsel." *Islam v. Fischer*, No. 07 Civ. 3225 (PKC) (DF), 2008 WL 563462, at \*2 (S.D.N.Y. Feb. 27, 2008); *see also Culbreth v. Orange Cnty. Jail*, No. 24 Civ. 75 (KMK), 2024 WL 1178850, at \*2 (S.D.N.Y. Mar. 19, 2024) (stating that a lack of legal knowledge alone is insufficient for the appointment of counsel).

Plaintiff's incarcerated status does "militate[] in favor of seeking *pro bono* counsel." *Lurch v. MTA*, No. 17 Civ. 867 (GBD)(KNF), 2018 WL 889465, at \*2 (S.D.N.Y. Jan. 10, 2018).  As with any incarcerated party, "Plaintiff's ability to investigate the facts relevant to his claim will likely be limited because he is incarcerated." *Allen*, 2003 WL 22232902, at \*2 (citing *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997)).  "Plaintiff's claim, however, largely focuses on a single incident, and, through the discovery process, as supervised by the Court, Plaintiff should be able to obtain the documentary evidence relating to that incident, regardless of whether he is represented by counsel." *Allen*, 2003 WL 22232902, at \*2.  And, as described above, his claim does not appear meaningfully complex at this stage.  Moreover, Plaintiff has not demonstrated that his "ability to investigate and present his case is hindered more than any other inmate pursuing litigation." *Azor v. New York City Dep't of Corr.*, No. 10 Civ. 2235 (PAC) (KNF), 2011 WL 309672, at

\*2 (S.D.N.Y. Jan. 21, 2011); *see also Toxey v. United States*, No. 10 Civ. 3339 (RJH) (KNF), 2011 WL 147696, at \*2 (S.D.N.Y. Jan. 14, 2011) (denying request for assignment of counsel after failing to find that plaintiff's "ability to investigate and present his case is hindered more than any other inmate pursuing litigation").

While the Court's conclusion could well change as the action progresses, the Court does not currently find circumstances warranting the request for appointment of *pro bono* counsel at this time. Should Plaintiff submit a future application for appointment of counsel, he should address the factors set forth above and explain why they weigh in favor of granting the application.

Accordingly, it is hereby ORDERED that Plaintiffs application for the Court to request pro bono counsel is DENIED without prejudice to renew at a time when a more fully developed record exists such that a sufficiently meritorious claim may be demonstrated.

**SO ORDERED.**

DATED:    New York, New York
          December 4, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

7