**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

LUIS JAIME,

Plaintiff,

-against-

NEW YORK STATE OFFICERS, *et al.*,

Defendants.

-----------------------------------------------------------------------X

**24 Civ. 266 (DEH) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter motion for summary judgment (Dkt. No. 105), postmarked October 23, 2026, and Plaintiff's letter regarding his outstanding discovery obligations (Dkt. No. 106), postmarked October 21, 2026. The Court notes that these were entered on the docket on November 9, 2026. On November 10, 2026, Defendants filed a letter responding to Plaintiff's submissions, requesting that the Court deny Plaintiff's motion for summary judgment without full briefing and enforce prior orders regarding Plaintiff's overdue discovery. (Dkt. No. 107).

The Court denies Plaintiff's motion for summary judgment without prejudice to refiling at an appropriate time and on proper motion papers. Rule 56(b) allows parties to file a motion for summary judgment at any time prior to 30 days after the close of all discovery; however, these motions are generally disfavored when the parties have not adequately conducted discovery into the issues. *See* Fed. R. Civ. P. 56(b); *see also Newman Cap. LLC v. Priv. Cap. Grp., Inc.*, No. 22 Civ. 663 (VSB), 2024 WL 2115311, at *6 (S.D.N.Y. May 10, 2024) (finding it premature to consider defendants' motion for summary judgment prior to the close of discovery because "[t]he parties have not yet had a 'fully adequate opportunity for discovery' related to their disputes"

(citations omitted)). Moreover, Plaintiff's letter is procedurally defective in several respects. Per the approved case management plan and scheduling order in this matter, a party is required to notify this Court and the District Judge of the party's intent to move for summary judgment no less than 30 days prior to submitting such a motion. (Dkt No. 71-1 ¶ 11 & Dkt. No. 72).

Further, a formal motion requires a party to submit a notice of motion and memorandum of law containing the cases or other authorities relied upon, and, with respect to summary judgment motions, a moving party must also provide a concise numbered statement of materials facts. *See* Loc. C. R. 7.1(a); Loc. C. R. 56.1(a). This latter requirement is necessary because the function of a summary judgment motion is for a moving party to argue, typically after completion of discovery, that there is “no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(a). Here, Defendants have noticed Plaintiff's deposition for November 19, 2026, are still in the process of completing non-party discovery, and are still waiting for Plaintiff to comply with this Court's Order regarding certain outstanding discovery. Clearly, there has not been adequate discovery related to the parties' dispute and a summary judgment motion would be inappropriate at this stage.

In its most recent Order, dated October 26, 2026, the Court gave Plaintiff a final extension to November 6, 2026 to verify his interrogatory answers, sign his responses to Defendants' document requests, and respond to Defendants' requests for admission. (*See* Dkt. No. 104). Plaintiff's letter at Docket Number 106 indicates that he intended to enclose his verified interrogatory answer and a verified response to Defendants' requests for admission. (Dkt. No. 106). However, no such enclosures were included with the letter, and the Court has no reason to believe that Defendants have received these materials. In addition, the letter does not indicate that Plaintiff has prepared signed responses to Defendants' document

requests, which he is also required to submit. Given that Plaintiff claims to have made some effort to comply with his discovery obligations since the time of the Court's October 26 Order, however, the Court shall extend Plaintiff's deadline to provide the outstanding discovery one more time to December 7, 2026. This may necessitate Defendants' re-noticing Plaintiff's deposition, currently scheduled for November 19, 2026, to a later date. Defendants may do so if they wish, and the Court will extend the current discovery deadline as necessary.

The Court cautions that this is the final extension that will be granted to Plaintiff to comply with his outstanding discovery obligations, and any further noncompliance may result in the Court ordering Plaintiff to show cause why this matter should not be dismissed. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address indicated on the docket. (Dkt. No. 102).

**SO ORDERED.**

DATED: New York, New York
November 12, 2026

The Honorable Gary Stein
United States Magistrate Judge